# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

LIANA C. ROBERTS,

    Plaintiff,

v.                                                        Case No. 07-CV-13207

ANDREA R. PAULIN, d/b/a
TOEZIES and MY TOEZIES

    Defendant.
                                                /

**OPINION AND ORDER GRANTING DEFENDANT'S "MOTION TO DISMISS/TRANSFER FOR IMPROPER VENUE"**

Pending before the court is Defendant Andrea Paulin's "Motion to Dismiss/Transfer for Improper Venue," filed on September 17, 2007. The motion has been fully briefed and the court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will grant Defendant's motion and transfer this case to the Central District of California, Southern Division, because venue in Michigan is improper and this court lacks personal jurisdiction over Defendant.

## I. BACKGROUND

On August 1, 2007, Plaintiff Liana Roberts filed suit against Defendant in this court alleging one count of patent infringement. (Pl.'s Compl. at 2.) Plaintiff is the owner of a patent for an invention entitled "Article of Footwear for Use in Relation to a Pedicure," a sock-like item that has an open-toed feature and is worn during and

following a pedicure. (Patent, Pl.'s Compl. Ex. A.) Defendant is the founder and seller of a type of socks entitled "toezies," which have an open-toed feature and are designed for "pilates, yoga and lounging around." (Toezies Website, Pl.'s Resp. Ex. A.) Defendant sells the socks via her website and also in select stores in a handful of states across the country. (*Id.*, Pl.'s Resp. Ex. B.) Defendant has applied for nationwide exclusionary rights to the trademark, "My Toezies." (Trademark Application, Pl.'s Ex. G.) Plaintiff alleges that Defendant's socks infringe upon her patent. (Pl.'s Compl. at ¶¶ 5, 11.)

Plaintiff is a resident of Michigan and also does business in Michigan. (*Id.* at ¶ 1.) Defendant resides in California and owns a business that variously goes by the name "Toezies" and "My Toezies," an unincorporated entity with its principal address in California. (*Id.* at ¶¶ 3-4.) Defendant maintains a toezies website that provides information about the socks and allows consumers to purchase the socks online. (Toezies Website, Pl.'s Resp. Exs. A-E.) The site also features a "where to buy" section listing a number of vendors that carry the sock. (*Id.*, Pl.'s Resp. Ex. B.) The socks can be purchased from 23 vendors: six in California, two in Massachusetts, Kentucky, Colorado and Georgia, and one in New York, New Hampshire, Ohio, Florida, Connecticut, British Columbia, Ontario, Finland and China. (*Id.*) The site further provides information regarding how to become a wholesaler of Toezies. (*Id.*, Pl.'s Resp. Ex. D.) The "contact us" section of the website directs inquiries to the Toezies main

office, located in Newport Beach, California. Regarding her contacts with Michigan, Defendant has sold less than $500 worth of products in Michigan. (Def.'s Answer at ¶ 3.)

On September 17, 2007, Defendant filed a motion to dismiss for improper venue or, in the alternative, to transfer the case to the Central District of California, where Defendant resides and where her business is located. (*See generally* Def.'s Mot.) Defendant argues that, pursuant to the patent venue statute, 28 U.S.C. § 1400(b), venue is improper in Michigan because Defendant is a California resident who sells the socks via her business located in California, and Defendant has no other place of business. (*Id.*) Plaintiff counters that, pursuant to the general venue statute, 28 U.S.C. § 1391, which is applicable because Defendant's business is likened to a corporation for purposes of venue, venue is proper wherever the corporation is subject to personal jurisdiction. (*See generally* Pl.'s Resp.) Plaintiff concludes that venue is proper in Michigan because Defendant has sufficient contacts with Michigan to warrant a finding of personal jurisdiction over Defendant. (*Id.*)

## II. STANDARD[1]

### A. Venue

Pursuant to Federal Rule of Civil Procedure 12(b)(3), a defendant may move to dismiss the plaintiff's complaint for improper venue. Fed. R. Civ. P. 12(b)(3). On a 12(b)(3) motion to dismiss, the plaintiff bears the burden of proving that venue is proper.

---

[1]As discussed in detail below, the venue determination in this case implicates a personal jurisdiction analysis. Accordingly, the court finds it useful to provide the standard regarding both venue and personal jurisdiction.

*Audi AG & Volkswagen of Am., Inc. v. Izumi,* 204 F. Supp. 2d 1014, 1017 (E.D. Mich. 2002). The court may examine facts outside of the complaint but must draw reasonable inferences and resolve factual conflicts in favor of the plaintiff. *Id.* If the court finds that venue is improper, it has the discretion to decide whether the case should be dismissed or transferred to the district in which it could have been brought. *Id.*; 28 U.S.C. § 1406(a).

### B. Personal Jurisdiction

Federal Rule of Civil Procedure 12(b)(2) permits dismissal of a claim for lack of jurisdiction over the defendant. Fed. R. Civ. P. 12(b)(2). The plaintiff bears the burden of establishing jurisdiction. *Audi AG,* 204 F. Supp. 2d at 1017. Absent an evidentiary hearing on the issue of personal jurisdiction, the plaintiff need only make a *prima facie* showing of jurisdiction. *Id.* Where a court does not conduct an evidentiary hearing, the pleadings, depositions and affidavits are considered in the light most favorable to the plaintiff. *Id.* However, "in the face of a properly supported motion for dismissal, the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Id.*

### III. DISCUSSION

### A. Venue

As an initial matter, the court observes that the parties analyze the venue issue differently. Defendant proceeds with the venue analysis as if Defendant is an individual; Plaintiff, who stresses that Defendant's business is the focus of this action, proceeds as though Defendant is the business entity, Toezies and/or My Toezies. The distinction is

noteworthy because each scenario implicates a different venue statute. However, as explained below, regardless of which venue statute is utilized, Plaintiff is unable to demonstrate that venue in Michigan is proper.

    1.  **Venue Pursuant to 28 U.S.C. § 1400, the Patent Venue Statute**

Venue in a patent action is governed by 28 U.S.C. § 1400(b), which provides:

> Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.

28 U.S.C. § 1400(b). The first portion of the venue provision provides that venue is proper "where the defendant resides." *Id.* Defendant, an individual, resides in California. (*Id.* at ¶ 3.) Defendant's business, Toezies/My Toezies, is an unincorporated entity, the exact nature of which is unknown. Unincorporated associations are generally treated like incorporated associations for venue purposes; the residence of an unincorporated association is the association's principal place of business.[2] *Denver & R.G.W.R. Co. v. Bhd. of R.R. Trainmen*, 387 U.S. 556, 559 (1967). Tozies/My Toezies has its principal and sole place of business in California. (Pl.'s Compl. at ¶ 4; Pl.'s Resp. at 2.) Accordingly, California, and not Michigan, is the

---

[2]The court does acknowledge that, although a broad range of unincorporated business organizations are widely treated as corporations for venue purposes, there is case law for the proposition that small, sole-proprietor-type businesses are not treated like corporations for purposes of venue. *See Hsin Ten Enter. USA v. Clark Enter.,* 138 F. Supp. 2d 449, 458 (S.D. N.Y. 2000); *PKWare, Inc., Meade,* 79 F. Supp. 2d 1007, 1016 (E.D. Wis. 2000). Defendant has not met her burden of proving that her business is a sole proprietorship. Construing all factual conflicts and reasonable inferences in favor of Plaintiff, the court will consider the possibility that Defendant's business resembles a corporation, and thus, the court will analyze the venue statute that applies to corporations.

proper venue pursuant to the first provision of 28 U.S.C. § 1400(b).

The second provision of 28 U.S.C. § 1400(b) states that venue is also proper "where the defendant has committed acts of infringement and has a regular and established place of business." What constitutes committing an act of infringement or having "a regular established place of business" is not defined in the venue statute. Even assuming that Defendant committed acts of infringement in Michigan, Plaintiff does not allege, and the evidence does not supporting a finding, that Defendant has a regular and established place of business in Michigan. Defendant resides in California, Defendant's business is located in California and Defendant does not have any other place of business. (Pl.'s Compl. at ¶¶ 3-4; Def.'s Mot. at 2.) Thus, pursuant to 28 U.S.C. § 1400(b), venue in Michigan is not proper.

### 2. Venue Pursuant to 28 U.S.C. § 1391, the General Venue Statute

If Defendant is considered a corporation as Plaintiff contends, Defendant would be subject to the broader venue provision found in 28 U.S.C. § 1391.[3] *VE Holding Corp. v. Johnson Gas Appliance,* 917 F.2d 1574, 1583-84 (Fed. Cir. 1990) (holding that the determination of where a corporation resides under the general venue statute, 28 U.S.C. § 1391, has been read into the patent venue statute and is applicable to the determination of corporate residence under the patent venue statute, 28 U.S.C. § 1400(b)). The general venue statute provides that "[f]or the purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is

---

[3] If Defendant is not considered a corporation, venue in Michigan is improper pursuant to 28 U.S.C. § 1400(b).

6

commenced." 28 U.S.C. § 1391(c). Thus, the court next turns to an analysis of personal jurisdiction to determine whether venue in Michigan is proper.

## B. Personal Jurisdiction

The advent of the Internet, along with all of its unique properties, has presented courts with the new challenge of fashioning guidelines for when personal jurisdiction can be based on a defendant's operation of a website. Courts have sought to articulate a standard that both embodies traditional rules of personal jurisdiction, yet accounts for the new factual scenarios created by the Internet. *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 451 (3rd Cir. 2003). The central issue of this case is whether the operation of a commercially interactive website accessible in the forum state is sufficient to support personal jurisdiction in the forum state.

Personal jurisdiction over a non-consenting defendant outside of the forum involves a two-step inquiry. *Hi-Tex, Inc. v. TSG, Inc.,* 87 F. Supp. 2d 738, 742 (E.D. Mich. 2000). First, the court must determine whether the defendant would be subject to personal jurisdiction under the laws of the forum state. *Id.* Second, if the defendant is subject to personal jurisdiction in the forum state, the court must determine whether its exercise of personal jurisdiction over the defendant comports with due process. *Id.* Plaintiff must establish that personal jurisdiction over a corporate defendant is authorized by either the general jurisdiction statute or the limited/specific jurisdiction statute. *Id.*

### 1. General Jurisdiction

Michigan's general jurisdiction statute provides:

> The existence of any of the following relationships between a corporation and the state shall constitute a sufficient basis of jurisdiction to enable the courts of record of this state to exercise general personal jurisdiction over the corporation and to enable such courts to render personal judgments against the corporation.
>
> (1) Incorporation under the laws of this state.
>
> (2) Consent, to the extent authorized by the consent and subject to the limitations provided in section 745.
>
> (3) The carrying on of a continuous and systematic part of its general business within the state.

Mich. Comp. Laws § 600.711. Plaintiff has not alleged that Defendant's business is incorporated under Michigan law or that Defendant has consented to the exercise of personal jurisdiction over her or her business. Therefore, personal jurisdiction exists only if Defendant carried on a continuous and systematic part of her business within Michigan.

In the instant case, there is no evidence that Defendant carried on a continuous and systematic part of her business in Michigan. That Defendant maintained a website that was accessible by Michigan residents is not dispositive because it is well-established that maintaining a website is not, by itself, sufficient to warrant a finding of personal jurisdiction. *See Bird v. Parsons,* 289 F.3d 865, 874 (6th Cir. 2002). Furthermore, Defendant's Michigan sales of less than $500 suggest attenuated contacts with Michigan, rather than continuous and systematic activity. *See Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 891-92 (6th Cir. 2002) (evaluating personal jurisdiction by considering whether the absolute amount of business conducted by

defendant in the forum state represents something more than "random, fortuitous, or attenuated contacts" with the state).

There are no allegations that Defendant was physically present in Michigan, retained agents to represent her in Michigan, was licensed to do business in Michigan, had a Michigan bank account, engaged in telephone or fax communications to Michigan, advertised her product in Michigan (apart from maintaining a website accessible to Michigan residents), targeted her website to Michigan residents, solicited sales or other business in Michigan on a regular basis or derived any substantial revenue from business conducted in Michigan.[4] The court finds that, based upon the totality of the circumstances, Plaintiff has not met her burden in establishing that Defendant carried on a substantial, continuous and systematic part of her business in Michigan. Thus, the court finds no basis for the exercise of general personal jurisdiction over Defendant. *See Bird,* 289 F.3d at 873-74 (holding that general personal jurisdiction over the defendant website operator did not exist where the plaintiff did not allege that the defendant had an office in the forum state, was licensed to do business in the forum state, had a bank account in the forum state, directed its business operations from or sent a sales agent to the forum state); *Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co., Ltd.*, 91 F.3d 790, 794 (6th Cir. 1996) (*citing Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.,* 918 F.2d 1039, 1045-46 (2d Cir. 1990) (holding that thirteen business trips of short duration to the forum state over the course of eighteen

---

[4]Although the court recognizes that none of these factors is a prerequisite for a finding of personal jurisdiction, the court is persuaded that the absence of all of them supports a finding that personal jurisdiction over Defendant does not exist.

months did not constitute "continuous and systematic" solicitation of business in the forum state)).

## 2. Limited/Specific Jurisdiction

Michigan's limited/specific jurisdiction statute provides as follows:

> The existence of any of the following relationships between a corporation or its agent and the state shall constitute a sufficient basis of jurisdiction to enable the courts of record of this state to exercise limited personal jurisdiction over such corporation and to enable such courts to render personal judgments against such corporation arising out of the act or acts which create any of the following relationships:
>
> (1) The transaction of any business within the state.
>
> (2) The doing or causing any act to be done, or consequences to occur, in the state resulting in an action for tort.
>
> (3) The ownership, use, or possession of any real or tangible personal property situated within the state.
>
> (4) Contracting to insure any person, property, or risk located within this state at the time of contracting.
>
> (5) Entering into a contract for services to be performed or for materials to be furnished in the state by the defendant.

Mich. Comp. Laws § 600.715. The Sixth Circuit has enunciated a consolidated test for determining whether both Michigan's statutory standard for limited/specific jurisdiction and the constitutional due process requirements are satisfied: (1) the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state, (2) the cause of action must arise from the defendant's activities and (3) the acts or consequences caused by the defendant must have a substantial connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. *Alexander-Schauss v. Lew,* 351 F. Supp. 2d 635, 639 (E.D.

Mich. 2004).

Plaintiff argues that, because Defendant maintains a website that actively solicits the sale of Toezies nationwide and succeeds in making sales in Michigan, she therefore purposely availed herself of the benefits and privileges of doing business in Michigan and could reasonably foresee being hailed into court in Michigan.  (*See generally* Pl.'s Resp.)

The operation of an Internet website can constitute the purposeful availment of the privilege of acting in a forum state "if the website is interactive to a degree that reveals specifically intended interaction with residents of the state."  *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F.Supp. 1119, 1124 (W.D. Pa. 1997) (using a "sliding scale" of interactivity to identify Internet activity that constitutes purposeful availment).  *Zippo* has become a seminal authority for determining personal jurisdiction based upon the operation of an Internet website.  The plaintiff in *Zippo* was Zippo Manufacturing, a Pennsylvania manufacturer of tobacco lighters; the defendant was the news service "Zippo Dot Com," a California-based news service.  The plaintiff sued the defendant in Pennsylvania federal court, alleging that the defendant's use of the domain name "Zippo" violated the plaintiff's trademark rights.  In assessing whether a website can confer personal jurisdiction, the court explained:

> The likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet.  This sliding scale is consistent with well developed personal jurisdiction principles.  At one end of the spectrum are situations where a defendant clearly does business over the Internet.  If the defendant enters into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet, personal jurisdiction is proper.  At the opposite end are situations where a defendant has simply posted

11

information on an Internet website which is accessible to users in foreign
jurisdictions. A passive website that does little more than make
information available to those who are interested in it is not grounds for
the exercise personal jurisdiction. The middle ground is occupied by
interactive websites where a user can exchange information with the host
computer. In these cases, the exercise of jurisdiction is determined by
examining the level of interactivity and commercial nature of the exchange
of information that occurs on the website.

*Id.* (internal citations omitted).

In this case, Defendant's website occupies a place in the middle of the *Zippo* spectrum because it is an interactive website that allows a user to exchange information with the host computer, mainly to place an order for the purchase of a product. Concerning the prevailing view regarding the predicates for finding that an interactive website confers personal jurisdiction, the court in *Toys "R" Us* enunciated:

As *Zippo* and the Courts of Appeals decisions indicate, the mere operation
of a commercially interactive web site should not subject the operator to
jurisdiction anywhere in the world. Rather, there must be evidence that
the defendant "purposefully availed" itself of conducting activity in the
forum state, by directly targeting its web site to the state, knowingly
interacting with residents of the forum state via its web site, or through
sufficient other related contacts.

*Toys "R" Us,* 318 F.3d at 454. This court observes that, in examining the body of cases where courts have found personal jurisdiction on the basis of an interactive website, the courts generally require something more in the way of a specific, meaningful connection with the forum state in particular, as opposed to a connection with the nation as a whole. *Id.* at 451 ("Courts have repeatedly recognized that there must be 'something more' . . . to demonstrate that the defendant directed its activity towards the forum state.").

As discussed above, Plaintiff does not establish that Defendant directed her

activity towards Michigan or otherwise had sufficient contacts with Michigan. Defendant does not make her product available in Michigan stores,[5] and Michigan is not featured on Defendant's website, unlike several other states that are prominently featured in the "where to buy" section. There is no evidence that Defendant sends sales agents to Michigan, communicates with Michigan residents or cultivates a meaningful amount of business in Michigan. Although an Internet website by its very nature can be accessed internationally, by maintaining a website, Defendant is no more benefitting from the laws of Michigan than from the laws of any other state. "The level of contact with a state that occurs simply from the fact of a website's availability on the Internet is therefore an attenuated contact that falls short of purposeful availment." *Neogen*, 282 F.3d at 890. Thus, in the absence of sufficient evidence showing purposeful availment, this court cannot exercise specific/limited personal jurisdiction over Defendant. *Alexander-Schauss,* 351 F. Supp. 2d at 639. Consequently, whether Defendant is treated like an individual or a corporation-like entity is of little practical significance

---

[5]In her response to Defendant's motion, Plaintiff indicates that "Defendant actively provides accused socks for purchase in the District, including in Royal Oak." (Pl.'s Resp. at 4-5.) Plaintiff does not elaborate upon this statement or provide any evidence to support it, and it is not clear how or in what forum Defendant is allegedly selling the sock in Royal Oak. Defendant's website lists the states in which the socks are sold, and Michigan is not included on that list. Because it is Plaintiff's burden to establish that venue is proper in Michigan, and Plaintiff fails to present any evidence to support her vague assertion that Defendant sells the accused socks in Royal Oak, or to provide any explanation regarding whether the socks' alleged presence in Royal Oak is attributable solely to website sales, the court is not persuaded that Defendant has sufficient contacts with Michigan to support a finding of personal jurisdiction. *See Sharp v. Ingham County*, 23 F. App'x 496, 497 (6th Cir. 2001) (holding that conclusory, unsubstantiated allegations are insufficient to survive dismissal). The singular comment from a Michigan resident in the "what people say" section of the website likewise does not establish a sufficient contact with Michigan.

because venue in Michigan is improper in either scenario.

## C. Transfer v. Dismissal

In light of the court's conclusion that (1) venue in Michigan is improper and (2) this court lacks personal jurisdiction over Defendant, the court must determine whether to transfer this case to the appropriate venue or to dismiss it. 28 U.S.C. §§ 1406(a), 1631. In cases where personal jurisdiction over the defendant is absent, "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed." 28 U.S.C. § 1631; *see also Roman v. Ashcroft,* 340 F.3d 314, 328-29 (6th Cir. 2003). A transfer is also permitted pursuant to 28 U.S.C. § 1406(a),[6] which allows a transfer even when the plaintiff files suit in an improper venue and in a court that lacks jurisdiction. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962) ("The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not.").

The decision whether to transfer "in the interest of justice" or to dismiss the case rests within the discretion of the trial court. *Audi AG,* 204 F. Supp. 2d at 1017. A transfer is favored over a dismissal because a transfer facilitates the adjudication of a dispute on the merits. *Goldlawr,* 369 U.S. at 466-67. Unless evidence exists that the

---

[6]28 U.S.C. § 1406(a) provides:

The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

case was brought in the improper venue in bad faith or to harass the defendant, the interest of justice generally requires a transfer rather than a dismissal. *De La Fuente v. ICC*, 451 F. Supp. 867, 872 (N.D. Ill. 1978). Here, there is no evidence that Plaintiff filed suit in this forum for any improper purpose. Because the allegations in Plaintiff's complaint, if true, establish a colorable claim for patent infringement, Plaintiff is entitled to her day in court. Accordingly, the court will transfer this action to the Central District of California, Southern Division,[7] where Defendant resides and where the business entity that is the focus of this action is located.

## IV. CONCLUSION

IT IS ORDERED that Defendant's "Motion to Dismiss/Transfer for Improper Venue" [Dkt. # 6] is GRANTED. This case is TRANSFERRED to the Central District of California, Southern Division.

                                           s/Robert H. Cleland
                                           ROBERT H. CLELAND
                                           UNITED STATES DISTRICT JUDGE

Dated: October 31, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 31, 2007, by electronic and/or ordinary mail.

                                           s/Lisa G. Wagner
                                           Case Manager and Deputy Clerk
                                           (313) 234-5522

---

[7]Defendant resides in Orange County and the principal address of her business is in Orange County. (Pl.'s Compl. at ¶¶ 3-4.) The court takes judicial notice that Orange County is within the Central District of California, Southern Division.

S:\Cleland\JUDGE'S DESK\C3 ORDERS\07-13207.Roberts.Venue.wpd